UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GARRY STOKES,   CASE NO.:

          Plaintiff,

vs.

ENFORCERS PROTECTIVE
SERVICE, INC., A GEORGIA
CORPORATION, AND LANAR
BRISCOE, INDIVIDUALLY,

          Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GARRY STOKES, by and through the undersigned attorney, sues the Defendants, ENFORCERS PROTECTIVE SERVICE, INC., a Georgia Corporation, and LANAR BRISCOE, Individually, and alleges:

1. Plaintiff was an employee of Defendants and brings this action for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

2. Plaintiff worked as an hourly paid security guard for Defendants from approximately July 2013 to November 2016.

3. While working for Defendants, Plaintiff was paid an hourly rate of approximately $16 per hour.

4. Plaintiff worked for Defendants in Cobb County, Georgia.

5. Defendant, ENFORCERS PROTECTIVE SERVICE, INC., is a Georgia Corporation that operates and conducts business in Cobb County, Georgia and is therefore, within the jurisdiction of this Court.

6. At all times relevant to this action, LANAR BRISCOE was an individual resident of the State of Georgia, who owned and operated ENFORCERS PROTECTIVE SERVICE, INC., and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of ENFORCERS PROTECTIVE SERVICE, INC. By virtue of having regularly exercised that authority on behalf of ENFORCERS PROTECTIVE SERVICE, INC., LANAR BRISCOE is an employer as defined by 29 U.S.C. § 201, et seq.

7. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

8. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

9. During Plaintiff's employment with Defendants, Defendant, ENFORCERS PROTECTIVE SERVICE, INC., earned more than $500,000.00 per year in gross sales.

10. During Plaintiff's employment with Defendant, Defendant, ENFORCERS PROTECTIVE SERVICE, INC., employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

11. Included in such goods, materials and supplies were telephones, radios, firearms, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

12. Therefore, Defendant, ENFORCERS PROTECTIVE SERVICE, INC., is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA Violations

13. At all times relevant to this action, Defendants failed to comply with the FLSA by paying Plaintiff his regular hourly rate for overtime hours worked, as well as by failing to pay Plaintiff for all hours worked.

14. Specifically, during his employment, Plaintiff would be paid his hourly rate for all hours recorded as worked, including receiving only straight

pay for overtime hours worked instead of time and one-half his hourly rate for these overtime hours.

15. Additionally, Defendants failed to pay Plaintiff for all hours worked by him.

16. During his employment with Defendants, Plaintiff would be required to travel from one job to the next to perform his security guard duties.

17. However, Defendants would often not pay Plaintiff for the travel time from one job to the next in the same day.

18. Pursuant to the FLSA, such travel between job sites in the same day is compensable. *See* 29 C.F.R. § 785.38.

19. Thus, Defendants have failed to pay Plaintiff any overtime compensation for these additional overtime hours worked by Plaintiff.

20. Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

21. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-20 above.

22. Plaintiff was entitled to be paid overtime compensation for his overtime hours worked.

23. During his employment with Defendants, Plaintiff was only paid "straight time" for his overtime hours recorded instead of complete overtime compensation, and was also not paid for all compensable hours worked. *See* ¶¶ 13-19.

24. Defendants did not have a good faith basis for their decision to not pay Plaintiff all overtime compensation owed to him.

25. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff complete overtime compensation, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

26. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

27. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, GARRY STOKES, demands judgment against Defendants for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 11th day of January, 2017.

                               **/s/ C. Ryan Morgan**
                               C. Ryan Morgan, Esq.
                               Georgia Bar No. 711884
                               Morgan & Morgan, P.A.
                               20 N. Orange Ave., 14th Floor

Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 245-3401
Email: [RMorgan@forthepeople.com](mailto:RMorgan@forthepeople.com)
***Attorneys for Plaintiff***